**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**KURK GASPER** **PLAINTIFF**

**V.** **CASE NO. 3:26-CV-03048**

**STEVEN L. BRUCE, and**
**STEVEN BRUCE & ASSOCIATES** **DEFENDANTS**

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(4) AND 12(b)(5)**

Stephen L. Bruce and Stephen L. Bruce, P.C. d.b.a. Stephen Bruce & Associates, incorrectly named in the Complaint as "Steven L. Bruce" and "Steven Bruce & Associates," respectively, move to dismiss Plaintiff's Verified Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5) for the following reasons:

1. This Court presently lacks personal jurisdiction over Defendants because of insufficiency of process and insufficiency of service of process issues described in depth in the Brief in Support of Defendants' Motion to Dismiss filed contemporaneously with this motion. Namely, the parties served do not match the parties named in Plaintiff's Complaint and Summons and service of process has not been perfected. Due to inability to presently exercise personal jurisdiction over Defendants, this Court should dismiss Plaintiff's Complaint based upon Fed. R. Civ. P. 12(b)(2).

2. The Summonses issued in this action is defective and does not comply with the requirements of Fed. R. Civ. P. 4(b). Specifically, the Summonses issued in this action fail to properly identify and name the individual upon which service of process was attempted. These defects should result in dismissal of Plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(4).

3. Service of process was not effectuated in accordance with Fed. R. Civ. P. 4. Specifically, service was purportedly effectuated at an address not identified in Plaintiff's Complaint and was upon a receptionist who was not qualified nor legally authorized to accept service of process for either Defendant. Moreover, service upon Stephen L. Bruce was not made at his dwelling or place of usual abode. Finally, the Proof of Service prepared by Angela Williams is not in the form of an Affidavit as is required by the applicable Federal Rules of Civil Procedure. The foregoing defects are fatal in properly effectuating process of service and warrant dismissal of Plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(5).

4. This Motion challenges only the sufficiency of process, service of process, and personal jurisdiction. Defendants do not admit Plaintiff's allegations or waive any other defenses, objections, or arguments, including those related to organizational capacity, venue, standing, limitations, preclusion, immunity, or the merits, all of which are expressly reserved.

Wherefore, Defendants respectfully request that this Court dismiss Plaintiff's Complaint without prejudice as to "Steven L. Bruce" and "Steven L. Bruce & Associates" under Rules 12(b)(2), 12(b)(4), and 12(b)(5). In the alternative, Defendants request the Court enter an Order quashing the September 8, 2026, service attempts and a ruling that no responsive-pleading deadline arose from those attempts.

Respectfully submitted,

Stephen L. Bruce, Individually
Stephen L. Bruce, P.C.

By: /s/ Brett M. Harris
Brett M. Harris, Ark. Bar No. 2022046
PO Box 808
Edmond, OK 73083
Telephone: 405-330-4110
Email: bharris@sbrucelaw.com

*Attorney for Defendants*

CERTIFICATE OF SERVICE

I certify that on 9/25/2026, I filed the foregoing Motion to Dismiss and supporting Memorandum of Law through the Court's electronic filing system and served a copy on Plaintiff by First Class Mail addressed as follows:

Kurk Gasper
305 Tommy Ratzlaff Avenue
Green Forest, Arkansas 72638

/s/ Brett M. Harris
Brett M. Harris