**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**KURK GASPER** **PLAINTIFF**

**V.** **CASE NO. 3:26-CV-03048**

**STEVEN L. BRUCE, and** **DEFENDANTS**
**STEVEN BRUCE & ASSOCIATES**

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(4) AND 12(b)(5)**

Stephen L. Bruce and Stephen L. Bruce, P.C. d.b.a. Stephen Bruce & Associates, incorrectly named in the Complaint as "Steven L. Bruce" and "Steven Bruce & Associates," respectively, move to dismiss Plaintiff's Verified Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5).

**INTRODUCTION**

Plaintiff sued "Steven L. Bruce" individually and Steven Bruce & Associates. The Complaint identifies those parties as the Defendants and alleges that Steven Bruce & Associates maintains its principal place of business at 1616 E. 19th Street, Edmond, Oklahoma 73013, where Defendants purportedly could be served.

The summonses issued were issued to be served upon Steven L. Bruce and Steven Bruce & Associates. Plaintiff has not served either named Defendant. The proofs of service do not show service on either named party. The entity proof instead states that the summons was for Stephen Bruce & Associates and that papers were delivered to a receptionist who identified herself as "Suzy" at 309 N. Bryant Avenue, Edmond, Oklahoma 73034. The individual proof similarly identifies the intended recipient as "Stephen L. Bruce" and reports delivery to the same

receptionist at the same address to the same receptionist who identified herself as “Suzy”. The returns of service were not sworn and notarized.

The individual proof does not report personal delivery to Steven L. Bruce or delivery at his dwelling or usual place of abode. Instead, it characterizes Suzy as a receptionist supposedly designated by law to accept process for “Stephen L. Bruce” at the Bryant Avenue business address. The entity proof does not identify Suzy as an officer, managing or general agent, registered agent, or other agent authorized to accept service for Steven Bruce & Associates.

The unexplained service address compounds these defects. Paragraph 10 of the Complaint alleges that Steven Bruce & Associates has its principal place of business at 1616 E. 19th Street, Edmond, Oklahoma 73013, and expressly states that Defendants can be served there. Yet the proofs report delivery at 309 N. Bryant Avenue, Edmond, Oklahoma 73034. Because the summonses do not correctly identify the parties and neither Defendant was served in compliance with Rule 4, the Court should dismiss the action without prejudice.

**STATEMENT OF FACTS**

Plaintiff filed the Complaint on August 25, 2026, naming “Steven L. Bruce” and “Steven Bruce & Associates” as Defendants. The Complaint alleges that Steven Bruce & Associates is an Oklahoma-based law firm whose principal place of business is 1616 E. 19th Street, Edmond, Oklahoma 73013, and states that Defendants may be served at that address. Compl. ¶ 10, Gasper v. Bruce, No. 3:26-cv-03048-DCF, ECF No. 2 (W.D. Ark. August 25, 2026).

The proof of service for the entity identifies the summons as issued for Stephen Bruce & Associates. It states that, on September 8, 2026, the process server delivered the papers to the receptionist, who identified herself as Suzy, at 309 N. Bryant Avenue in Edmond, OK. Aff. Of Serv., ECF No. 5. Although the return characterizes Suzy as a person “designated by law” to

accept process, it identifies no law, appointment, office, management authority, or registered-agent status supporting that characterization. *Id.* The return is not in the form of an affidavit and is not notarized.

The individual proof similarly identifies the summons as issued for "Stephen L. Bruce," rather than the "Steven L. Bruce" named in the Complaint. *Id.* It does not report personal delivery to Mr. Bruce or delivery at his dwelling or usual place of abode. Instead, it reports delivery to the same receptionist at the same business address and characterizes her as designated to accept service for "Stephen L. Bruce." *Id.* The return is not in the form of an affidavit and is not notarized.

At the outset, there is a clear issue as to whether the summonses were issued in the correct names. Beyond the threshold issue is the question whether those summonses and the Complaint were served on the named Defendants through a method permitted by Rule 4. The proofs identify different recipients, a different entity, an unexplained address, and a receptionist whose authority to accept service for either named Defendant is not established. The purported service should be quashed, and the action dismissed without prejudice.

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(4) provides the right to seek dismissal of matters based upon insufficiency of process. It is well established that Defendants have the right to be properly named in legal proceedings. *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 886-87 (8th Cir. 1996). Where a defect exists in the process itself such as the face of the summons itself, the court does not have jurisdiction over the defendant regardless of actual notice of the suit. *Nguyen v. Wheeler*, No. 4:24-CV-00815-BSM, 2025 U.S. Dist. LEXIS 109999, at *3 (E.D. Ark. Feb. 19, 2025) (citing *Adams v. Allied Signal Gen. Aviation Avionics*).

Fed. R. Civ. P. 12(b)(5) provides the right to seek dismissal of matters based upon insufficiency of service of process in the method, delivery, or timeliness of service. *Cherry v. Meter*, No. 4:25-cv-04023, 2025 U.S. Dist. LEXIS 647686, at *3 (W.D. Ark. Oct. 14, 2025) (citing *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-445 (1946). This specific right to challenge focuses on the manner in which service of process was purportedly effectuated rather than a facial defect. After a party challenges service of process, the Plaintiff then bears the burden of proving proper service. *Woolbright v. Tankinetics, Inc.*, 2013 U.S. Dist. LEXIS 137486, 2013 WL 5373614, at *2 (W.D. Ark. Sept. 25, 2013). Under the Federal Rules of Civil Procedure Rule 4, a proof of service must be made by the process server's affidavit. Fed. R. Civ. P. 4(I)(1).

Fed. R. Civ. P. 4(h)(1) provides that service of process upon a foreign corporation may be made:

> "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

In relevant part, Ark. R. Civ. P. 4(h) details the requirements for service outside of the state of Arkansas as being the same as personal delivery within the state or in any manner prescribed by the law of the place in which service is made.

Ark. R. Civ. P. 4(f)(5) describes the requirements of service upon any corporation including professional corporations "shall be on its registered agent for service of process, or the agent's secretary or assistant; any officer of the corporation, or the officer's secretary or

assistant…" Arkansas additionally requires that the person effecting service must be the sheriff or deputy sheriff of the county where service is to be made, a person licensed by the court where the action is filed or a court in the county where service is to be made, or a person authorized to serve process under the law of the place where service is to be made. Ark. R. Civ. P. 4(c)(2).

Under Oklahoma law, where service was purportedly effected, service upon a corporation is made by serving the summons and petition "to an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process…" Okla. Stat. tit. 12, § 2004(C)(1)(c)(3). Oklahoma law restricts service to be made by a sheriff, deputy sheriff, or person licensed to make service of process in the forum where service is to be made. Okla. Stat. tit. 12, § 2004(C)(1)(a).

Fed. R. Civ. P. 4(h)(1)(A)'s reference to 4(e)(1) provides that service upon an individual must be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under Arkansas law, service upon an individual must be made by "delivering a copy of the process to the defendant personally…leaving the process with any member of the defendant's family at least 18 years of age at a place where the defendant resides…delivering the process to an agent authorized by appointment or by law to receive service…" Ark. R. Civ. P. 4(f)(1). Arkansas additionally requires that the person effecting service must be the sheriff or deputy sheriff of the county where service is to be made, a person licensed by the court where the action is filed or a court in the county where service is to be made, or a person authorized to serve process under the law of the place where service is to be made. Ark. R. Civ. P. 4(c)(2).

Under Oklahoma law, service upon an individual must be made by the sheriff or deputy sheriff, or alternatively by a licenses person to make service of process in civil cases to the individual's dwelling house or usual place of abode. Okla. Stat. tit. 12, § 2004(C)(1).

Where service of process has not been perfected, a court may not routinely exert jurisdiction over the party. *Velez v. Portfolio Recovery Assocs.*, 881 F. Supp. 2d 1075, 1081 (E.D. Mo. 2012). In cases based upon federal question personal jurisdiction requires "haling the defendant into court accords with the Due Process Clause" and "the plaintiff must show that the defendant is amenable to service of process from the court in question." *Id.* (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)).

**LEGAL ARGUMENT**

Plaintiff's process is insufficient facially because the summonses and complaint do not correctly identify the parties who were purportedly served. The complaint names "Steven L. Bruce" and "Steven Bruce & Associates" as the defendants. Similarly, the summonses were issued to the same parties as were named in the complaint. Rule 4(a) requires the summons to name the parties and be direct to the defendants. Fed. R. Civ. P. 4. A misnaming defect appearing on the face of process falls squarely within Rule 12(b)(4). It is well established that process is a threshold matter in litigation process as it is what confers jurisdiction to the court over a party and accordingly it must be precise. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Here the parties purportedly were served process for a case which identifies and names parties unknown to Stephen L. Bruce and Stephen L. Bruce, P.C. d.b.a. Stephen Bruce & Associates. Given this,

this Court is unable to exercise its jurisdiction over Stephen L. Bruce and Stephen L. Bruce, P.C. d.b.a. Stephen Bruce & Associates in this matter.

Service of process upon both parties in this matter fails as a matter of law as well under Fed. R. Civ. P. 12(b)(5). Of critical importance here, the Proofs of Service signed by Angela Williams fail to comply with Fed. R. Civ. P. 4(I)(1)'s requirement that the proof be made in the form of an Affidavit. Here the Proofs of Service are merely signed by Angela Williams but do not contain any type of notarization or other mechanism which would meet the affidavit form requirement.

At the outset for service of process upon both parties is the question as to whether personal delivery by Angela Williams was authorized by law. While Fed. R. Civ. P. 4(c)(2) provides generally service may be made by any person who is at least 18 years old and not a party to the suit, the rules later provide that if service is not made specifically within the confines of Fed. R. Civ. P. 4, then service must be made in accordance with the state laws of the court in which the action is filed or where service is to be made. Service upon "Steven L. Bruce" individually was not made within the confines of Fed. R. Civ. P. 4(e)(2) because the purported service was not delivered personally nor was it left at his dwelling or left with an authorized agent. Service upon "Steven Bruce & Associates" was not made within the confines of Fed. R. Civ. P. 4(h)(1)(B) because the service was not made upon an officer, managing agent, or any other agent authorized by law to receive service.

As previously stated, both Arkansas and Oklahoma have requirements that service of process be made by individuals authorized to do so in the locale where service is to be made. Here, service of process was to be made in Oklahoma County, Oklahoma. Angela Williams is not identified in the Proof of Service as being an Oklahoma County, Oklahoma Sheriff, Deputy

Sheriff, nor a licensed process server in the county. Moreover, Angela Williams lists no credentials whatsoever on the Proofs of Service. Thus, service of process by Angela Williams immediately fails under both Arkansas and Oklahoma law.

Next, this Court must examine the purported service of process upon each individual named party. First, service of process directed to "Steven L. Bruce" individually was purportedly made to "the receptionist, who identified herself as Suzy, who is designated by law to accept service of process on behalf of Stephen L. Bruce 309 N Bryant Ave., Edmond, OK 73034." Aff. Of Serv., ECF No. 5. This service is improper because it is not personal service directly to an individual named "Steven L. Bruce" nor Stephen L. Bruce. Moreover, this service attempt was not at the residence or place of usual abode of "Steven L. Bruce" nor Stephen L. Bruce. A receptionist named Suzy is not legally authorized to accept service of process for an individual named "Steven L. Bruce" nor Stephen L. Bruce. A person's status as a receptionist or general agent does not, by itself, establish authority to receive service on an individual's behalf; specific authorization is required. *Graff v. Kelly*, 1991 OK 71, P14 (1991). Because the return identifies no appointment, statute, or other source of authority, and was not made by affidavit, it does not establish valid service on the individual Defendant. Thus, the purported service of process upon "Steven L. Bruce" or Stephen L. Bruce fails to conform with service of process requirements in both Arkansas and Oklahoma. Accordingly, Plaintiff's claims against "Steven L. Bruce" should be dismissed.

The entity return likewise identifies the recipient only as a receptionist named "Suzy." It does not state that she was an officer, managing or general agent, registered agent, or an agent specifically authorized to receive process. It also does not identify her employer or explain her relationship to the corporate Defendant. The unexplained address reinforces the deficiency. The

Complaint identifies 1616 E. 19th Street as the location where Defendants could be served, while the return reports delivery at 309 N. Bryant Avenue without explaining that address's connection to the corporate Defendant. The return therefore does not establish delivery to the corporate Defendant through an authorized recipient.

Moreover, the Oklahoma Secretary of State's Office lists Stephen L. Bruce, P.C.'s registered agent as being Stephen L. Bruce, not a receptionist named Suzy. A receptionist named Suzy is not sufficient to meet the requisite standard of being the registered agent, an officer, or officer's secretary on the entity. In fact, a receptionist's title alone does not establish the organization authority necessary to accept process. Accordingly, this Court should dismiss Plaintiff's claims against defendant "Steven Bruce & Associates" for failure to show delivery to an officer, managing or general agent, registered agent, or other person authorized to receive process for the organization and the return was not made by affidavit.

The defects in process and service of process detailed herein prevent the Court from exercising personal jurisdiction or triggering the responsive-pleading deadlines. Service of the summons is a prerequisite to the Court's exercise of personal jurisdiction over defendants. *Velez v. Portfolio Recovery Assocs.*, 881 F. Supp. 2d 1075, 1081 (E.D. Mo. 2012). Because neither Defendant was properly served, the purported September 8, 2026, delivery does not establish personal jurisdiction over either Defendant. Thus, the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) as the Court presently lacks jurisdiction. Rule 12(a) measures the ordinary answer deadline from service of the summons and complaint. Fed. R. Civ. P. 12. Defendants therefore request that any deadline to answer or otherwise respond on the merits be measured from valid service following the Court's ruling, unless the Court allows otherwise.

This Motion addresses the threshold defects in process, service of process, and resulting personal jurisdiction. Defendants do not concede the accuracy of Plaintiff's allegations, the legal existence or capacity of any named organizational Defendant, the sufficiency of any claim, or any issue concerning venue, standing, limitations, preclusion, immunity, or the merits. Defendants reserve all defenses and objections that remain available and are not required to be determined through this Motion.

**CONCLUSION**

Defendants, respectfully request that this Court dismiss Plaintiff's Complaint without prejudice as to "Steven L. Bruce" and "Steven L. Bruce & Associates" under Rules 12(b)(2), 12(b)(4), and 12(b)(5). In the alternative, Defendants request the Court enter an Order quashing the September 8, 2026, service attempts and a ruling that no responsive-pleading deadline arose from those attempts.

Respectfully submitted,

Stephen L. Bruce, Individually
Stephen L. Bruce, P.C.

By: /s/ Brett M. Harris
Brett M. Harris, Ark. Bar No. 2022046
PO Box 808
Edmond, OK 73083
Telephone: 405-330-4110
Email: bharris@sbrucelaw.com
*Attorney for Defendants*

CERTIFICATE OF SERVICE

I certify that on 9/25/2026, I filed the foregoing Motion to Dismiss and supporting Memorandum of Law through the Court's electronic filing system and served a copy on Plaintiff by First Class Mail addressed as follows:

Kurk Gasper
305 Tommy Ratzlaff Avenue
Green Forest, Arkansas 72638

/s/ Brett M. Harris
Brett M. Harris